| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| JOSEPH BROWN,<br><br>            Plaintiff,<br><br>v.<br><br>MARIN FOX-HEIGHT.<br><br>            Defendant. | CASE NO. C10-5535-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>DECEMBER 9, 2011 |

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Court recommends dismissal of this action for failure to prosecute.

On August 3, 2011, the Court entered an Order to Show Cause why this action should not be dismissed for failure to prosecute (ECF No. 26). Plaintiff filed a change of address on August 10, 2011. The Court then re-set the deadline for

Report and Recommendation 1

responding to the Court's order, giving the plaintiff until October 28, 2011, to respond. There has been no response.

A district court has authority to dismiss a plaintiff's action because of failure to prosecute or because of failure to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

Here, plaintiff failed to take action after defendants did not respond to the amended complaint. Plaintiff was warned that failure to take action could result in dismissal and he again failed to act. The Court recommends dismissal of this action for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the

clerk is directed to set the matter for consideration on December 9, 2011, as noted in the caption.

Dated this 8th day of November, 2011.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation 3